UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SUMMIT DEVELOPMENT, LLC                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:09-CV-560-S

CONTROLLED BLASTING, INC.                                           DEFENDANT

**OPINION AND ORDER**

This matter is before the court on a motion to quash, which for reasons stated below, the court concludes should be granted.

Counsel for the defendant, Controlled Blasting, Inc., issued a subpoena duces tecum to a non-party, S&S Blasting, Inc., (f/k/a McConahy & Stucker), to produce blasting records, invoices, and correspondence, as specified in the subpoena.[1] In its motion to quash, S&S Blasting, by counsel, argues the subpoena seeks irrelevant, proprietary information or protected trade secrets.

The Kentucky Uniform Trade Secrets Act defines a trade secret as "information ... that [d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and ... is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." KY. REV. STAT. ANN. § 365.880; *see also ATC Dist. Group, Inc. v. Whatever It Takes Trans. & Parts,* 402 F.3d 700, 714-15 (6th Cir. 2005) (stating that information readily available through independent sources are not trade secrets).

S&S Blasting and the defendant are direct competitors, although the work at issue in this

---

[1] Ex. A, Doc. 21, Mot. to Quash.

litigation is complete.  S&S Blasting contends disclosure of the requested information would competitively disadvantage its ability to obtain work in the future.  In her affidavit, President of S&S Blasting, Laura Davis, testifies that the information requested, i.e., the type and quantities of explosives used and blasting patterns, the size and depth of blasting holes, the number of shots per day, and the time between shots, is the sort of information that would provide insight into S&S Blasting's operational or revenue models and provide the defendant or another direct competitor competitive advantage in bidding on future work. [2]

The defendant counters, first, that it is willing to forgo pricing or revenue information.  Second, the defendant disputes that this discovery may reveal trade secrets because state regulation requires blasting records to be maintained and available for public inspection.  S&S Blasting disagrees and argues the only applicable state regulation, 805 KY. ADMIN. REG. § 4:050, does not permit public inspection but, instead, merely requires that blasting records be made available for inspection by the Kentucky Department for Natural Resources.  S&S Blasting argues that other regulations cited by the defendant pertain to surface mining, e.g., 30 C.F.R. § 817.68; 405 KY. ADMIN. REG. § 16:120, and are facially inapplicable.  The magistrate judge agrees  and concludes that S&S Blasting's claim of trade secret protection is not negated by state regulation because it only permits a government entity's regulatory access to the blasting records at issue, and does not make the records available to the general public .

The defendant also argues that the blasting records are not trade secrets because S&S Blasting has made no efforts, such as employee confidentiality agreements, to keep the information secret.  The defendant cites, primarily, *Auto Channel, Inc. v. Speedvision Network,*

---

[2]Ex. B, Doc. 21, Mot. to Quash.

*LLC*, 144 F.Supp.2d 784, 795 (W.D.Ky. 2001), for the proposition that formal confidentiality is a necessary measure in qualifying for trade secret protection. In its reply, S&S Blasting explains that it has adequately protected the secrecy of the requested information, without employee confidentiality agreements. S&S Blasting is a small company that employs only a couple of people of long-standing and further explains that, unlike the facts in *Auto Channel*, the blasting records have never been disclosed to third parties, and only disclosed to the blasting engineer and the company owners. The magistrate judge finds this argument persuasive.

The court concludes S&S Blasting has demonstrated that the requested information satisfies the definition of a trade secret and that it is, therefore, entitled to relief under Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure.

The question arises whether relief short of quashing the subpoena may provide S&S Blasting the confidentiality it needs. The defendant has tendered a proposed protective order. S&S Blasting contends that this protective order would afford it inadequate protection because the defendant is a direct competitor and because the requested information is so specific that it could be misappropriated by a blasting engineer or other knowledgeable person associated with the defendant.

Rule 45 states that the court may order production under conditions, such as a confidentiality agreement, if the defendant shows a substantial need for the material. FED. R. CIV. P. 45(c)(3)(C). S&S Blasting's work preceded the defendant's work. S&S Blasting provided blasting services on the project site to prepare the site for the installation of neighborhood infrastructure and utilities. The defendant provided blasting services on the site which had been altered by S&S Blasting and after the infrastructure and utilities were installed.

-3-

S&S Blasting argues that the requested information, thus, has no relevance to this litigation. The defendant counters that information about prior blasting on the same site is relevant to the defendant's techniques and compliance with industry standards. The defendant does not persuade the court, however, that the information has more than peripheral relevance. Thus, the court concludes the defendant's need for the information is not substantial.

Finally, the defendant argues the motion to quash is untimely because S&S Blasting contacted the defendant more than fourteen days after service of the subpoena. S&S Blasting argues that as a non-party, it has clearly acted in good faith. The court agrees.

**IT IS HEREBY ORDERED** that the motion to quash is **GRANTED**.

DATE:

Counsel of Record